**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**REMODELING BY OLTMANNS, INC., Respondent.**

**No. 83–1178.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1983.

Decided Nov. 9, 1983.

Nelson & Harding, Roger J. Miller and Dale E. Bock, Omaha, Neb., for respondent.

William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., William Wachter, Deputy Asst. Gen. Counsel, Ralph C. Simpson, Washington, D.C., for N.L.R.B.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

Remodeling By Oltmanns, Inc. (the company) petitions for review of an order of the National Labor Relations Board (NLRB) which affirmed the issuance of a bargaining order by the administrative law judge (ALJ). The NLRB has cross-applied for enforcement of the order.

On June 30, 1971, the company (which had no union contract) and the union executed an independent agreement in which the company agreed, among other things, to maintain union working conditions, fringe benefits and wages, in accordance with and during the term of a contract thereafter negotiated between the union and the contractors' association. After execution of this agreement, the company continued, over the years, to abide by its terms and the economic terms of successor association agreements. However, on May 31, 1980, the association's carpenter employees went out on strike. The company employees met with management to determine whether an agreement was necessary to continue working during the strike. The employees were told to continue working. The company then joined a nonunion trade association and changed its wage and fringe benefit package asserting that it was a "merit" shop.

The ALJ found that the company violated section 8(a)(5) and (1) of the Act by repudiating its obligation to bargain with the union and by unilaterally implementing changes in terms and conditions of employment. The ALJ also found that the company violated section 8(a)(1) and (3) of the Act by constructively discharging employees as a result of their exercise of rights protected by section 7 of the Act and by coercively interrogating its employees.

We have listened to the arguments and reviewed the record and the briefs of the parties. We find the decision of the Board is supported by substantial evidence on the record as a whole. Therefore, pursuant to Rule 14 of the rules of this court, we grant the cross-application for enforcement of the NLRB order.